IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GARY P. KATZ,             § | |
|     Plaintiff,        § | |
| § | |
| v.                         § | CIVIL ACTION NO. H-13-2934 |
| § | |
| JP MORGAN CHASE BANK       § | |
| NATIONAL ASSOCIATION,      § | |
| SUCCESSOR BY MERGER TO     § | |
| CHASE HOME FINANCE LLC,    § | |
|     Defendant.       § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 5] filed by Defendant JP Morgan Chase Bank National Association, Successor by Merger to Chase Home Finance LLC ("JP Morgan"). JP Morgan filed its Motion to Dismiss on October 28, 2013. Pursuant to the Court's Local Rules, any opposition to the Motion to Dismiss was due within twenty-one days. *See* S.D. TEX. R. 7.3, 7.4. Plaintiff Gary Katz ("Katz") failed either to respond by the November 18, 2013, deadline or to request an extension of time to respond. Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.4. Rather than dismiss the case at that point, however, the Court entered an Order [Doc. # 6] extending the deadline for Plaintiff's response to December 11, 2013, and cautioning Plaintiff that

failure to respond by that extended deadline would result in the Motion to Dismiss being granted.  Again, Plaintiff neither filed a response nor requested additional time to respond.  Having reviewed the full record and applicable legal authorities, and absent any opposition from Plaintiff, the Court **grants** the Motion to Dismiss.

**I.      BACKGROUND**

Katz filed this lawsuit in the District Court of Harris County, Texas, on September 3, 2013.  Katz owns property located at 227 Concordia Drive, Katy, Texas, 77450 (the "Property").  Plaintiff's Amended Petition for Wrongful Foreclosure and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction [Exh. A-3 to Doc. # 1] ("Complaint"), at 2.  Though he does not state so explicitly, it appears that the property is subject to a mortgage held by JP Morgan.

Katz asserts that JP Morgan: (1) violated the Texas Property Code by "fail[ing] to give proper notice because all transfers of the lien were not recorded timely;" (2) was unjustly enriched because Katz "may have been paying the wrong lender or account" and that foreclosure will yield value above the amount owed; (3) violated or will violate the Texas Business and Commerce Code because "Defendants have failed to produce the Original Note with all transfers and assignments affixed thereto" and thus cannot enforce the mortgage without the promissory note (the "Note"); and (4) violated the Texas Debt Collection Act ("TDCA") by taking actions to collect on the

Note despite "having no authority to collect on the note."[1] *Id.*, at 3-4. Katz also seeks a declaratory judgment that "any attempt to foreclose" on the Property "is an action to collect a debt" and that prior to foreclosing JP Morgan must produce the Note. *Id.*, at 4-5. Moreover, Katz previously sought a temporary restraining order ("TRO") preventing the substitute trustee's sale of the Property "during the pendency of this cause." *Id.*, at 5-6. Judge Caroline Baker of the 11th Judicial District of Harris County, Texas, granted the TRO on October 1, 2013. *See* Exh. A-5 to Doc. # 1.

JP Morgan timely removed the case to federal court on October 4, 2013. *See* Defendant JP Morgan Chase Bank, N.A.'s Notice of Removal [Doc. # 1]. JP Morgan has moved to dismiss. This Motion to Dismiss, to which no opposition has been filed, is ripe for decision.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563

---

[1] Katz cites to both the Texas Finance Code and the TDCA. The TDCA is part of the Texas Finance Code, and Katz here cites to particular provisions of the TDCA—namely, Sections 392.303 and 392.304. Thus, the Court construes Katz's claim under the Texas Finance Code and his claim under the TDCA as one and the same.

F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III.   ANALYSIS

### A.   Texas Property Code Claim

First, Katz asserts, without citation to a particular provision, that JP Morgan violated the "Texas Property Code." Complaint, at 3. Specifically, Katz alleges that JP Morgan "failed to give proper notice because all transfers of the lien were not recorded timely as required by Texas Law prior to the acceleration and collection action on the Note." *Id.* Furthermore, Katz also alleges that the mortgagee listed on the "Notice of Foreclosure Sale" is "not the current Holder in Due Course and Holder of the Original Note." *Id.*

Construed liberally, Katz appears to contest JP Morgan's standing to foreclose. The Fifth Circuit has recently held that the "split-the-note" theory—the theory that in order to foreclose, "a party must hold both the note and the deed of trust"—is "inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254-55 (5th Cir. 2013). The Court of Appeals stressed in *Martins* that "[t]he party to foreclose need not possess the note itself." *Id.* at 255.

Katz originally executed a Deed of Trust with Primelending, a Plainscapital Company ("Primelending"). *See* Deed of Trust [Doc. # 5-1], at 1. Mortgage Electronic Registration Systems, Inc. ("MERS") acted as a nominee for Primelending and was a beneficiary under the Deed of Trust. *Id.*, at 2. On December 7, 2012, MERS assigned the Deed of Trust to JP Morgan. *See* Corporate Assignment of Deed of Trust [Doc. # 5-2]. JP Morgan is not required to also be in physical possession of the Note itself in order to foreclose. *Martins*, 722 F.3d at 255. Accordingly, Katz's Texas Property Code claim must be dismissed.

### B.     Unjust Enrichment Claim

Second, Katz states that he "may have been paying the wrong lender or account" and that allowing JP Morgan to foreclose will "cause an unjust enrichment" because "the home is worth significantly more than the alleged amounts owed."

Complaint, at 3-4. "There can be no recovery [on an unjust enrichment theory] when the same subject matter is covered by an express contract." *Baxter v. PNC Bank Nat'l Ass'n*, __ F. App'x __, 2013 WL 5356894, at *2 (5th Cir. Sept. 26, 2013). Here, Katz's mortgage is covered by the Deed of Trust, which is a contract between Katz (the mortgagor) and JP Morgan (the mortgagee by assignment). Katz does not state facts sufficient to show why the Deed of Trust would not apply to the foreclosure, should JP Morgan ultimately foreclose on the Property. Thus, Katz fails to state a claim upon which relief can be granted as to his unjust enrichment claim.

### C. Texas Business and Commerce Code Claim

Third, Katz asserts, without citation to the Texas Business and Commerce Code, that because JP Morgan has "failed to produce the Original Note with all transfers and assignments affixed thereto," JP Morgan cannot "attempt to enforce such Note." Complaint, at 4. In effect, Katz is pressing a "show-me-the-note" theory—that is, for JP Morgan to foreclose, it "must produce the original note bearing a wet ink signature." *Martins*, 722 F.3d at 253. Similar to the "split-the-note" theory, the Fifth Circuit has rejected this "show-me-the-note" theory, stating that "[t]he original, signed note need not be produced in order to foreclose." *Id.* at 254. Accordingly, JP Morgan is entitled to dismissal of Katz's Texas Business and Commerce Code claim.

### D. TDCA Claim

Fourth, Katz asserts that because JP Morgan has not provided any evidence that it holds the Note, JP Morgan's actions to foreclose on the note are "fraudulent, deceptive, and/or misleading representations" and are "actionable" under Sections 392.303 and 392.304 of the TDCA. Complaint, at 4. To plead a viable TDCA claim:

> a plaintiff must set forth facts showing that: (1) the debt at issue is a consumer debt; (2) the defendant is a debt collector within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as result of the defendant's wrongful act.

*Hill v. Wells Fargo Bank, N.A.*, 2012 WL 2065377, at *2 (S.D. Tex. 2012) (Rainey, J.) (citing TEX. FIN. CODE ANN. § 392.001, *et seq.*). To support his claim, Katz merely alleges that JP Morgan does not have authority to collect on the Note. The Court has already concluded that JP Morgan has shown that it does have the authority to foreclose on Katz's signed Deed of Trust. Katz has not otherwise pleaded any factual basis to support his claim that JP Morgan committed "fraudulent, deceptive, and/or misleading representations." Without any factual allegations, Plaintiff has failed to put Defendant on notice as to how they have allegedly violated the TDCA. Accordingly, the Court grants JP Morgan's motion to dismiss Katz's TDCA claim.

### E.   **Request for a Declaratory Judgment**

Finally, Katz seeks a declaratory judgment that JP Morgan should be prevented from foreclosing until it produces the Note. Complaint, at 4-5. As the Court stated

above, the Fifth Circuit in *Martins* rejected the "show-me-the-note" theory to prevent foreclosure. *Martins*, 722 F.3d at 253-54. JP Morgan does not need to produce the "wet ink" note in order to foreclose. Therefore, Katz is not entitled to a declaratory judgment requiring JP Morgan to produce the Note, and his request for a declaratory judgment must be denied.

### IV. CONCLUSION

Katz, who has filed no opposition to Defendant's Motion to Dismiss, has failed to state a claim upon which relief can be granted. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 5] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. The Court will issue a separate dismissal order.

SIGNED at Houston, Texas, this 18th day of **December, 2013**.

_____
Nancy F. Atlas
United States District Judge